*328 OPINION OF THE COURT
Memorandum.
Orders unanimously reversed without costs, motions denied and action dismissed.
Petitioner sought to discharge a mechanic’s lien on a motor vehicle in accordance with section 19 (4) of the Lien Law. Said section is part of article 2 of the Lien Law which deals with mechanics’ liens on real property. A motor vehicle is personal property and discharge of liens as to such property is governed by section 201-a of the Lien Law.
Section 201-a is found in article 9 dealing with "Enforcement of Liens on Personal Property” and reads as follows:
" 201-a Proceeding to determine validity of liens
"Within ten days after service of the notice of sale, the owner or any person entitled to notice pursuant to section two hundred one of this article may commence a special proceeding to determine the validity of the lien. The special proceeding may be brought in any court which would have jurisdiction to render a judgment for a sum equal to the amount of the lien. If the owner or any such person shall show that the lienor is not entitled to claim a lien in the property, or that all or part of the amount claimed by the lienor has not been properly charged to the account of such owner or such person, or, as the case may be, that all or part of such amount exceeds the fair and reasonable value of the services performed by the lienor, the court shall direct the entry of judgment cancelling the lien or reducing the amount claimed thereunder accordingly. If the lienor shall establish the validity of the lien, in whole or in part, the judgment shall fix the amount thereof, and shall provide that the sale may proceed upon the expiration of five days after service of a copy of the judgment together with notice of entry thereof upon the owner or such person, unless the property is redeemed prior thereto pursuant to section two hundred three of this article. If the lien is cancelled, the judgment shall provide that, upon service of a copy of the judgment together with notice of entry thereof upon the lienor, the owner of such person shall be entitled to possession of the property.” Section 201 of the Lien Law provides that notice be served on the owner and any person who has given to the lienor notice of an interest in the property subject to the lien and upon any person who has a perfected security interest in the property. Since Country-Wide has no interest in the subject property it is not entitled to commence an action to determine the validity *329 of the lien. The assignment by Elkayam to Country-Wide of any claims he may have against lienor arising out of the motor vehicle accident between Elkayam’s vehicle and the vehicle of Country-Wide’s insured is insufficient to establish an interest in the subject property.
Kassoff, P. J., Chetta and Patterson, JJ., concur.